***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Phillips. The appealing party has shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission reverses the Opinion and Award of Deputy Commissioner Phillips and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. At all times relevant to this claim plaintiff worked at Charleston Forge, a division of Hearthstone Enterprises, Inc.
3. The employer-employee relationship existed between plaintiff and Hearthstone Enterprises, Inc., on or about May 29, 2002.
4. On May 29, 2002, the carrier on the risk was Zenith Insurance Company.
5. Employee-plaintiff's average weekly wage during all times relevant to this claim was $371.21, yielding a compensation rate of $247.52.
6. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
7. Industrial Commission Forms and filings relative to the case were stipulated into evidence as Stipulated Exhibit 2.
8. The issues before the undersigned are: (i) whether plaintiff sustained an injury by accident arising out of and in the course of his employment with the employer; (ii) whether the employee's alleged condition is causally related to a compensable incident of his employer; (iii) what, if any, benefits plaintiff is entitled to recover; (iv) what, if any, credit defendants are entitled to under N.C. Gen. Stat. §97-42 for any short term and/or long term disability benefits plaintiff has received; and (v) if given a credit, what portion of the attorneys' fees are the short and/or long term
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was thirty-six (36) years old. Plaintiff began working for defendant-employer on December 26, 2000.
2. Plaintiff's job duties as a welder required him to bend and squat in order to weld pieces as large as 6 to 7 feet in height and weighing at times 135 lbs. or more.
3. Defendant-employer had in place a policy in which employees were provided three work breaks during a normal shift. Employees and supervisors at the Sparta Charleston Forge plant often participated in athletic activities, including football, archery and horseshoes during scheduled breaks, even though there was a company policy stating that sports were not to be played during lunch and break times. At no time was plaintiff personally instructed not to participate in sports while on break.
4. On May 29, 2002, plaintiff was participating in a softball game, and jumped over a split rail fence after a softball rolled underneath the fence. Plaintiff injured his left knee when it buckled under him after he jumped the fence on property owned and controlled by the employer. Plaintiff had several safer alternatives to retrieve the softball rather than to try to hurdle the fence, which was four to five feet high.
5. A co-employee, Robbie Pollard, saw plaintiff struggling and assisted plaintiff back into the plant.
6. Immediately upon entering the plant, the incident was reported to plaintiff's supervisor, John Rutherford. Plaintiff sat at a welding table until the end of his shift. He was assisted from the plant by his father, brother and another employee.
7. Plaintiff was taken to the emergency room of Hugh Chatham Memorial Hospital. He was placed in a knee immobilizer, instructed to see Dr. Vice at Tri-County Orthopaedics and was advised not to return to work until May 31, 2002.
8. Plaintiff was evaluated by Marvin C. Vice, M.D. at Tri-County Orthopaedics on May 30, 2002. An MRI was performed on May 31, 2002 which indicated a possible tear of the anterior cruciate ligament. Plaintiff was instructed by Dr. Vice not to return to work until June 17, 2002.
9. Plaintiff's MRI was reviewed by Dr. Whitman at Tri-County Orthopaedics and arthroscopic surgery was recommended and performed on June 19, 2002. Plaintiff was instructed not to work for six weeks following surgery.
10. Following surgery, plaintiff continued to experience pain and discomfort in his left knee. Dr. Whitman recommended manipulation of the knee under anesthesia and this was performed on July 8, 2002. Following the manipulation of the knee, plaintiff was placed in an exercise program on September 24, 2002 and was released to return to work.
11. Plaintiff returned to work on September 27, 2002. He continued working through January 29, 2003, except for a brief absence in October, 2002.
12. In September of 2002, plaintiff participated in a non-work related softball game, and was observed grabbing his knee.
13. Plaintiff's claim that he was injured at work on October 4, 2002 is not taken as credible.
14. Plaintiff failed to inform his supervisors regarding an alleged fall at work on October 4, 2002.
15. Plaintiff saw Dr. Whitman's physician assistant on October 7, 2002, and did not report a fall at work. Instead, plaintiff indicated that he had been experiencing increased pain over the previous week.
16. Plaintiff received a steroid injection, and all symptoms which were reported as part of an alleged fall on October 4, 2002 were resolved.
17. Dr. Whitman concluded that if plaintiff had sustained an acute incident in October, 2002 as he alleges, plaintiff had already recovered from it. A second arthroscopic surgery with a partial medial meniscectomy was performed by Dr. Whitman on January 30, 2003. After this surgical procedure and considering all the relevant facts, Dr. Whitman concluded that there was no question that the initial surgery had failed and that plaintiff had the same residual meniscal tear.
18. Following the second surgery, plaintiff was not released to return to work until after February 13, 2003. Plaintiff began to experience swelling and discomfort in the left knee. On March 12, 2003, plaintiff was advised to continue strengthening exercises and gait training. It was also recommended that he not return to work until his next visit on April 7, 2003.
19. Plaintiff continued to experience pain, swelling and popping of his left knee and returned to see Dr. Whitman on July 2003. Plaintiff did not return to his regular job as Dr. Whitman released him to do so. Plaintiff did not return to work as a welder for Hearthstone Enterprises, but he did seek work through a previous employer of his, Paul T. Reeves. Plaintiff performed temporary, sporadic work for Mr. Reeves from July to August 2003.
20. Plaintiff underwent a third left knee arthroscopy on September 26, 2003, and continues to receive treatment.
21. The greater weight of the evidence shows that plaintiff's attempt to jump over a four to five foot fence to retrieve a softball was not a duty associated with his employment as a welder for defendant-employer.
22. There were other, less dangerous means of retrieving the softball, and jumping over the fence constitutes an unreasonable activity of his employment.
23. Plaintiff did not sustain an injury by accident arising out of his employment with defendant-employer.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. In order to be compensable, an injury must occur in the course and scope of plaintiff's employment. N.C. Gen. Stat. § 97-2(6). In this case, plaintiff was playing softball, but was on the premises of defendant-employer. Although plaintiff may normally recover for an injury that occurs on an employer's premises, plaintiff may not recover under the Workers' Compensation Act for an injury occurring in the commission of an unreasonable incidental activity. Arp v. Parkdale Mills, Inc.,356 N.C. 657, 576 S.E.2d 326 (2003).
2. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6). Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Under the law, plaintiff's claim must be, and is HEREBY DENIED.
2. Each side shall bear its own costs.
This the ___ day of December, 2004.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER